UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDRIC EUGENE JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. PICKERING, et al.,<br><br>　　　　　Defendants. | Case No. 1:20-cv-00039-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　　Plaintiff Sedric Eugene Johnson is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 6, 2020 in the Sacramento Division of the U.S. District Court for the Eastern District of California. (ECF No. 1.) On January 8, 2020, this action was transferred to this Court. (ECF No. 4.)

　　　Currently before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*, filed on January 6, 2020. (ECF No. 2.)

　　　Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

1

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Further, the Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to § 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053–55 (9th Cir. 2007). In his complaint, Plaintiff alleges the defendants failed to grant Plaintiff's Public Records Act request, "facilitated away" money from Plaintiff's trust account so that Plaintiff's records request would be denied, and failed to properly process Plaintiff's numerous administrative appeals in order to aid in a cover-up of the fact that Plaintiff was previously physically assaulted and subjected to mental and emotional distress. However, these allegations fail to establish that Plaintiff was in any imminent danger of serious physical injury at the time he filed this action on January 6, 2020. Therefore, since Plaintiff has not satisfied the imminent danger exception to § 1915(g), Plaintiff is precluded from proceeding *in forma pauperis* in this action. If Plaintiff wishes to proceed with this action, Plaintiff must pay the $400.00 filing fee in full.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) Johnson v. San Diego Ctny. Sheriff's Dep't, Case No. 3:15-cv-02789-WQH-KSC (S.D. Cal.) (dismissed on October 28, 2016 for failure to state a claim and failure to prosecute, after Plaintiff's failure to file a second amended complaint following a screening order dismissing Plaintiff's first amended complaint for failure to state a claim); (2) Johnson v. Doe, Case No. 3:17-cv-01309-WQH-WVG (S.D. Cal.) (dismissed on February 12, 2018 for failure to state a claim and for seeking monetary damages against immune defendants where immunity defense was apparent on the face of Plaintiff's first amended complaint); (3) Johnson v. Centinela State Prison, Case No. 3:17-cv-02568-CAB-WVG (S.D. Cal.) (dismissed on March 9, 2018 as frivolous); and (4) Johnson v. Doe, Case No. 3:17-cv-00889-LAB-JLB (S.D. Cal.) (dismissed on May 8, 2018 for failure to state a claim). See Harris v. Harris, 935 F.3d 670, 675-76 (9th Cir. 2019) (stating that dismissal on immunity grounds may qualify as a strike for failure to state a claim where the immunity defense is clear on the face of the complaint); Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2. Plaintiff be ORDERED to pay the $400.00 filing fee in full in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 9, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE